1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DENNIS WALKER,

11            Petitioner,                    No. 2:12-cv-1601 GEB JFM P

12      vs.

13   R. HILL,

14            Respondent.            FINDINGS & RECOMMENDATIONS

15   _____/

16            Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the court on respondent's

18   motion to dismiss.  Petitioner opposes the motion.  Upon review of the motion, the documents in

19   support and opposition, and good cause appearing therefor, THE COURT FINDS AS

20   FOLLOWS:

21            RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

22            Petitioner is presently serving an indeterminate life sentence with the possibility

23   of parole for a 1992 conviction on two counts of first degree murder.  Resp.'s Mot. to Dismiss

24   ("MTD"), Ex. 1.

25            On August 25, 2009, petitioner participated in a parole suitability hearing, which

26   resulted in a finding of unsuitability based on petitioner's failure to participate in vocational or

1

academic activity, his poor work performance, his lack of participation in self-help or group

activities, and his lack of participation in substance abuse or anger management programs.  Pet.,

Ex. H.  The parole board also cited petitioner's failure to cooperate in the completion of a new

psych report and his inability to stay free of prison disciplinary violations.  Id.  At the time of the

hearing, petitioner was found guilty of seven serious prison disciplinary violations and three

violations that required counseling.  Id.  The board noted that there were no laudatory notes

during that review period.  Id.

In the petition filed in this court on June 14, 2012, petitioner seeks relief from a

November 2010 disciplinary conviction for possession of a cell phone charger that resulted in the

addition of eight points to petitioner's classification score.  Because of this eight-point

assessment, petitioner claims he is now being housed in a Level 4 Institution that is more violent

than his previous housing facility, has fewer available programs for personal progress, and

receives much less positive consideration for parole suitability.  Petitioner was not assessed any

loss of credits, but he was counseled and warned.

On April 7, 2011, petitioner was found guilty for a December 2010 battery on an

inmate with a weapon, resulting in disfigurement.  MTD, Ex. 2.  For that violation, petitioner

was assessed 360 days loss of good time credits.  Id.

DISCUSSION

In the pending motion to dismiss, respondent seeks dismissal of this action on the

ground that petitioner's claim for expungement of the disciplinary violation is not cognizable

here.  Respondent also argues that even if expungement of the minor disciplinary violation

would accelerate petitioner's eligibility for parole, petitioner later committed a more serious

rules violation.

"'Federal law opens two main avenues to relief on complaints related to

imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil

Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.'"  Hill v. McDonough,

1    547 U.S. 573, 579 (2006) (quoting <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004)).

2    "'Challenges to the validity of any confinement or to particulars affecting its duration are the

3    province of habeas corpus,' " whereas "challenge[s] to the circumstances of [ ] confinement ...

4    may be brought under § 1983." <u>Id.</u>

5           "[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful

6    challenge to a prison condition will not necessarily shorten the prisoner's sentence." <u>Ramirez v.</u>

7    <u>Galaza</u>, 334 F.3d 850, 859 (9th Cir. 2003).  Put another way, it is "the likelihood of the effect on

8    the overall length of the prisoner's sentence ... [that] determines the availability of habeas

9    corpus." <u>Docken v. Chase</u>, 393 F.3d 1024, 1028 (9th Cir. 2004) (emphasis in original) (internal

10   quotation and citation omitted).  In some instances, for example, "[t]he presence of a prison

11   disciplinary conviction can [ ] diminish the chance that an inmate will be granted a parole date."

12   <u>See</u> <u>Hardney v. Carey</u>, 2011 WL 1302147, at *6 (E.D. Cal. 2011).

13          Petitioner's disciplinary violation is the type of relevant information that parole

14   boards consider.  Expungement of petitioner's prison disciplinary violation, if warranted, could

15   affect the duration of his confinement by making it more likely that he would be granted parole.

16   <u>See</u>, <u>e.g.</u>, <u>Martin v. Tilton</u>, 2011 WL 1624989, at *1 (9th Cir. 2011) ("Even though Martin did

17   not forfeit any work-time credits as a result of the disciplinary finding, we have jurisdiction

18   because the Board of Parole will consider the charge when it evaluates Martin's eligibility for

19   parole."); <u>Cleveland v. Curry</u>, 2010 WL 4595186, at *2 (N.D. Cal. Nov.5, 2010) (claim seeking

20   expungement of serious disciplinary violation cognizable on habeas review, even though

21   thirty-day credit loss had no effect on sentence, because expungement was likely to accelerate

22   prisoner's eligibility for parole); <u>Murphy v. Department of Corrections and Rehabilitation</u>, 2008

23   WL 111226, at *7 (N.D. Cal. Jan. 9, 2008) (action seeking expungement of serious disciplinary

24   conviction cognizable on habeas review because expungement could affect the duration of the

25   petitioner's confinement by making it more likely that he would be granted parole); <u>Dutra v.</u>

26   <u>Department of Corrections and Rehabilitation</u>, 2007 WL 3306638, at *6 (N.D. Cal. Nov. 6,

1  2007) (claim seeking expungement of disciplinary conviction cognizable on habeas review

2  because "convictions secured for disciplinary violations in such a proceeding may be a factor in

3  an inmate's parole consideration hearing").

4          The undersigned thus finds that petitioner has stated a federal claim. The

5  disciplinary finding for possession of contraband is "criminal misconduct which is reliably

6  documented." Cal. Code Regs. tit. 15 § 2402(b). The parole board is required to consider the

7  violation because it reflects on petitioner's behavior "after the crime." Id. Indeed, at petitioner's

8  2009 parole board hearing, petitioner's prior disciplinary convictions were cited as one reason

9  for finding petitioner unsuitable for parole. Thus, it is at least 'likely' that expungement of the

10  disciplinary finding could accelerate petitioner's eligibility for parole.

11          Respondent next argues that, even if petitioner succeeded in stating a federal

12  claim, the petition should nonetheless be dismissed because his parole suitability would not be

13  affected in light of his later, more serious rules violation resulting from petitioner's act of cutting

14  and disfiguring another inmate and for which he was assessed 360 days loss of good time credits.

15  Respondent's point is well-taken. Even if petitioner were to prevail on his claims in this case, it

16  appears highly unlikely that the fact or duration of his confinement would be affected. Thus,

17  based on the record in this case, the undersigned finds that expungement or reversal of the minor

18  conviction at issue here is not likely to accelerate petitioner's eligibility for parole in light of his

19  later, more serious conviction. For these reasons, respondent's motion to dismiss should be

20  granted.

21          Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

22  dismiss be granted.

23          These findings and recommendations are submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

25  days after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties. Such a document should be captioned

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

2   objections shall be filed and served within fourteen days after service of the objections.  The

3   parties are advised that failure to file objections within the specified time may waive the right to

4   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5   DATED: October 16, 2012.

6

7

UNITED STATES MAGISTRATE JUDGE

8

9   /014;walk1601.mtd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26