IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS WALKER,

    Petitioner,               No. 2:12-cv-1601 GEB JFM P

    vs.

R. HILL,

    Respondent.           FINDINGS & RECOMMENDATIONS

                         /

          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondent's motion to dismiss. Petitioner opposes the motion. Upon review of the motion, the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

          RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

          Petitioner is presently serving an indeterminate life sentence with the possibility of parole for a 1992 conviction on two counts of first degree murder. Resp.'s Mot. to Dismiss ("MTD), Ex. 1.

          On August 25, 2009, petitioner participated in a parole suitability hearing, which resulted in a finding of unsuitability based on petitioner's failure to participate in vocational or

1

academic activity, his poor work performance, his lack of participation in self-help or group activities, and his lack of participation in substance abuse or anger management programs.  Pet., Ex. H.  The parole board also cited petitioner's failure to cooperate in the completion of a new psych report and his inability to stay free of prison disciplinary violations.  Id.  At the time of the hearing, petitioner was found guilty of seven serious prison disciplinary violations and three violations that required counseling.  Id.  The board noted that there were no laudatory notes during that review period.  Id.

In the petition filed in this court on June 14, 2012, petitioner seeks relief from a November 2010 disciplinary conviction for possession of a cell phone charger that resulted in the addition of eight points to petitioner's classification score.  Because of this eight-point assessment, petitioner claims he is now being housed in a Level 4 Institution that is more violent than his previous housing facility, has fewer available programs for personal progress, and receives much less positive consideration for parole suitability.  Petitioner was not assessed any loss of credits, but he was counseled and warned.

On April 7, 2011, petitioner was found guilty for a December 2010 battery on an inmate with a weapon, resulting in disfigurement.  MTD, Ex. 2.  For that violation, petitioner was assessed 360 days loss of good time credits.  Id.

DISCUSSION

In the pending motion to dismiss, respondent seeks dismissal of this action on the ground that petitioner's claim for expungement of the disciplinary violation is not cognizable here.  Respondent also argues that even if expungement of the minor disciplinary violation would accelerate petitioner's eligibility for parole, petitioner later committed a more serious rules violation.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.'"  Hill v. McDonough,

547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "'Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus,' " whereas "challenge[s] to the circumstances of [ ] confinement ... may be brought under § 1983." Id.

"[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). Put another way, it is "the likelihood of the effect on the overall length of the prisoner's sentence ... [that] determines the availability of habeas corpus." Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004) (emphasis in original) (internal quotation and citation omitted). In some instances, for example, "[t]he presence of a prison disciplinary conviction can [ ] diminish the chance that an inmate will be granted a parole date." See Hardney v. Carey, 2011 WL 1302147, at *6 (E.D. Cal. 2011).

Petitioner's disciplinary violation is the type of relevant information that parole boards consider. Expungement of petitioner's prison disciplinary violation, if warranted, could affect the duration of his confinement by making it more likely that he would be granted parole. See, e.g., Martin v. Tilton, 2011 WL 1624989, at *1 (9th Cir. 2011) ("Even though Martin did not forfeit any work-time credits as a result of the disciplinary finding, we have jurisdiction because the Board of Parole will consider the charge when it evaluates Martin's eligibility for parole."); Cleveland v. Curry, 2010 WL 4595186, at *2 (N.D. Cal. Nov.5, 2010) (claim seeking expungement of serious disciplinary violation cognizable on habeas review, even though thirty-day credit loss had no effect on sentence, because expungement was likely to accelerate prisoner's eligibility for parole); Murphy v. Department of Corrections and Rehabilitation, 2008 WL 111226, at *7 (N.D. Cal. Jan. 9, 2008) (action seeking expungement of serious disciplinary conviction cognizable on habeas review because expungement could affect the duration of the petitioner's confinement by making it more likely that he would be granted parole); Dutra v. Department of Corrections and Rehabilitation, 2007 WL 3306638, at *6 (N.D. Cal. Nov. 6,

2007) (claim seeking expungement of disciplinary conviction cognizable on habeas review because "convictions secured for disciplinary violations in such a proceeding may be a factor in an inmate's parole consideration hearing").

The undersigned thus finds that petitioner has stated a federal claim. The disciplinary finding for possession of contraband is "criminal misconduct which is reliably documented." Cal. Code Regs. tit. 15 § 2402(b). The parole board is required to consider the violation because it reflects on petitioner's behavior "after the crime." Id. Indeed, at petitioner's 2009 parole board hearing, petitioner's prior disciplinary convictions were cited as one reason for finding petitioner unsuitable for parole. Thus, it is at least 'likely' that expungement of the disciplinary finding could accelerate petitioner's eligibility for parole.

Respondent next argues that, even if petitioner succeeded in stating a federal claim, the petition should nonetheless be dismissed because his parole suitability would not be affected in light of his later, more serious rules violation resulting from petitioner's act of cutting and disfiguring another inmate and for which he was assessed 360 days loss of good time credits. Respondent's point is well-taken. Even if petitioner were to prevail on his claims in this case, it appears highly unlikely that the fact or duration of his confinement would be affected. Thus, based on the record in this case, the undersigned finds that expungement or reversal of the minor conviction at issue here is not likely to accelerate petitioner's eligibility for parole in light of his later, more serious conviction. For these reasons, respondent's motion to dismiss should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

4

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
2  objections shall be filed and served within fourteen days after service of the objections.  The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: October 16, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;walk1601.mtd